UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5:19-CR-102 |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION AND** |
| NANCY SANTOS, ) | **ORDER DENYING MOTION FOR** |
| ) | **COMPASSIONATE RELEASE** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Nancy Santos's *pro se* Motion for Compassionate Release. [R. 262; 265]. The United States failed to respond. The matter is ripe for review. For the reasons stated herein, Defendant's Motion is denied.

## I.  Background

On June 22, 2020, Defendant pleaded guilty to conspiracy to distribute five kilograms or more of a mixture containing cocaine and conspiracy to launder money. [R. 199; R. 201]. Her Guideline Range was 70-87 months. [Presentence Report (PSR), p. ¶ 72]. This Court sentenced Ms. Santos to 29 months imprisonment, followed by three years supervised release. [R. 239]. She is currently serving her sentence at the Federal Correctional Institute Victorville, California (FCI Victorville). [R. 262, p. 2]. On November 29, 2021, Defendant filed her *pro se* Motion for Compassionate Release, [R. 262], and subsequently filed a Motion to Amend, [R. 265]. Such motions for a sentence reduction are pursuant to 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release." As discussed below, the Court will deny Ms. Santos's Motion.

## II.  Legal Standard

- 1 -

The compassionate-release statute allows the Court to reduce the term of imprisonment and impose a term of probation or supervised release under certain narrow circumstances. Section 3582(c) provides that:

> The court ***may not*** modify a term of imprisonment once it has been imposed ***except that***—
>
> (1) In any case—
>
> (A) ***the court***, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, ***may reduce the term of imprisonment*** (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), ***after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that***—
>
>> (i) extraordinary and compelling reasons warrant such a reduction . . .
>
>> ***and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.***

18 U.S.C. § 3582(c)(1)(A) (emphasis added). Prior to the First Step Act of 2018 (FSA), Pub. L. No. 115–391, 132 Stat. 5194, only the director of the Bureau of Prisons (BOP) could move for a sentence reduction under section 3582(c). 18 U.S.C. § 3582(c)(1)(A) (2017); *United States v. Jones,* 980 F.3d 1098, 1104 (6th Cir. 2020). However, under the FSA, courts may now consider a defendant's motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). Exhaustion by one of the two means listed is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833−35 (6th Cir. 2020). If the government "properly invoke[s]" the condition because

the defendant failed to fully exhaust all administrative rights to appeal, the Court must enforce it. *Id.* at 834 ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions.").

Upon satisfying the exhaustion requirement (or upon waiver by the government of this requirement), the statute requires the Court to undertake a three-step test in reviewing compassionate-release motions. *Jones*, 980 F.3d at 1107–08. At step one, the Court must "find" whether "extraordinary and compelling reasons" warrant a sentence reduction. *Id.*; 18 U.S.C. § 3582(c)(1)(A)(i). At step two, the Court must "find" whether a reduction in the sentence is "consistent with applicable policy statements issued by the Sentencing Commission." *Id*. at 1108; 18 U.S.C. § 3582(c)(1)(A)(i). At step three, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). In reference to step two, the Sentencing Commission in 2006 issued its policy statement in § 1B1.13 of the United States Sentencing Guidelines and the application notes to that section. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 (2006). However, because this policy statement has not been updated since passage of the First Step Act in December 2018, the Sixth Circuit recently held that § 1B1.13 is inapplicable to compassionate-release motions filed by the prisoner (as opposed to motions filed by the Director of the Bureau of Prisons). *Jones*, 980 F.3d at 1109–11; *see also United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Consequently, in cases like this one, where the defendant files a motion for compassionate release, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111. Further, "district courts may deny compassionate-release motions when any of the three prerequisites listed in

§ 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519. Of course, when granting a compassionate-release motion, the district court must address all three steps in its analysis. *Id.* The defendant bears the burden of establishing a sentence reduction is warranted. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

With these standards in mind, the Court will now turn to the substance of Defendant's Motion.

### III.    Discussion

#### A.    Extraordinary and Compelling Reasons

As an initial matter, the Court will first address whether Defendant has satisfied the administrative exhaustion requirement. *Alam*, 960 F.3d at 833−35. Ms. Santos advises that she has "exhausted administrative remedies," but provides no evidence that is the case. [R. 262, p. 2]. Even assuming Ms. Santos had properly exhausted her administrative remedies, her Motion fails on the merits based on the substantive requirements for compassionate release as outlined by the Sixth Circuit in *Jones*.

At step one, the Court must find that "extraordinary and compelling reasons" warrant a sentence reduction. § 3582(c)(1)(A)(i); *Jones*, 980 F.3d at 1107–08. The statute does not define "extraordinary and compelling" and, as mentioned above, the *Jones* Court recently held that the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 is inapplicable. *Jones*, 980 F.3d at 1111. Consequently, until the Sentencing Commission updates § 1B1.13 post–First Step Act, "district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1110.

In her Motion, Defendant argues for compassionate release because she has "a variety of

health conditions related to her morbid obesity," she is a "non-violent offender," and has no incident reports while being housed at FCI Victorville. [R. 262, p.2]. Her Motion to Amend adds that she also suffers from high blood pressure and bronchitis. [R. 265]. She claims she has received substandard medical treatment, and also argues the BOP's statistics on COVID are not credible. [R. 262, pp. 2-3]. She argues that she is at higher risk for severe illness from COVID-19 per Center for Disease Control (CDC) guidance and that the BOP has failed to follow CDC guidelines related to COVID on numerous levels. *Id.* at 3-11. She claims the Delta variant has arrived in her facility and will spread rapidly. *Id.* at 14-15. Finally, she argues she should be released because she is remorseful, has rehabilitated in prison, has strong family support, and is employable. *Id*. at 15-17.

Even if Defendant met the first step of the compassionate-release test—that is, if the Court found "extraordinary and compelling" circumstances based on her health issues, conditions of confinement, and the COVID-19 pandemic—the Court finds that the § 3553(a) factors (Step 3) do not warrant a sentence reduction under the particular circumstances of this case.

### B. Balancing Under § 3553(a)

The Court has thoroughly reviewed the briefs and the factual record in this case in light of the § 3553(a) sentencing factors (and their purpose), which include in part: the nature and circumstances of the offense; the Defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence, protect the public from further crimes, and avoid unwarranted sentencing disparities. § 3553(a)(1)–(7); *see also Jones*, 980 F.3d at 1112–16 (discussing the district court's obligation to weigh the § 3553(a) factors and provide specific factual reasons for

its decision that furnish a thorough factual record for review). This Court need not "specifically articulat[e]" every single § 3553(a) factor as part of its analysis. *Jones*, 980 F.3d at 1114. Rather, the record "as a whole" (the original sentencing proceeding and the modification proceeding) must confirm the district court considered the "pertinent" factors. *Id.* at 1115. This Court has thoroughly reviewed the sentencing proceedings in this case, along with the parties' arguments and submissions related to the current Motion, and is convinced that release is not warranted under the statutory factors.

First, the "nature and circumstances of the offense" weigh against release. § 3553(a)(1). Defendant participated in a large drug conspiracy and conspiracy to launder money. [R. 201]. The Court considered Defendant's "history and characteristics," at the sentencing hearing, noting a number of mitigating factors. The Court took into consideration Defendant's lack of a criminal record, family responsibilities, and employment record in fashioning her sentence.

Turning to the other factors, as noted, the Court sentenced Ms. Santos to 29 months imprisonment, a substantial variance below her Guideline range of 70-87 months. [R. 239]. Accordingly, release at this point would not "reflect the seriousness of the offense, []promote respect for the law, and []provide just punishment for the offense." § 3553(a)(2). Indeed, granting the relief requested would undercut the dual goals of promoting respect for the law and providing just punishment. The Court thoroughly reviewed all the § 3553(a) factors at Defendant's original sentencing hearing and has done so again. The same factors that warranted a sentence of 29 months, a significant variance form her Guideline range, weigh against early release.

The Court would be remiss if it did not comment on Ms. Santos's efforts toward rehabilitation during incarceration. She notes she has avoided any infractions while in custody,

is sincerely remorseful and has worked at rehabilitation. [R. 262]. The Court is encouraged with Ms. Santos's productivity, remorse, and efforts to rehabilitate. This wise work and productive thinking will bear fruit upon her release from custody. But even so, for the foregoing reasons, and upon consideration of *all* the § 3553(a) sentencing factors, early release is not warranted.

Accordingly, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. Defendant Nancy Santos's Motion to Amend, **[R. 265]**, is **GRANTED.**

2. Defendant Nancy Santos's Motion for Compassionate Release **[R. 262]** is **DENIED**.

This the 1st day of April, 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY